| Fill in this information to identify the case: | |
|---|---|
| Debtor name  **Sky Media Pay, Inc** | |
| United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF FLORIDA | |
| Case number (if known)  **21-20444-LMI** | ☑ Check if this is an amended filing |

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**Sky Media Pay, Inc**  's Plan of Reorganization, Dated  **May 22, 2022**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

A. **Description and History of the Debtor's Business**

   The Debtor is an advertising sales agent for television stations, it began purchasing real estate. The business began and has been operating since December 2000.

B. **Liquidation Analysis**

   To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A**.

C. **Ability to make future plan payments and operate without further reorganization**

   The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

   The Plan Proponent has provided projected financial information as Exhibit **B**.

   The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **26,619.00 monthly**.

   The final Plan payment is expected to be paid on **February 2025**.

   **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Sky Media Pay, Inc** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:  **1** classes of priority claims;
                        **10** classes of secured claims;
                        **2** classes of non-priority unsecured claims; and
                        **0** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **.02** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01   **Class 1** _____   All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

                                    The priority claim of the IRS

| Debtor | Sky Media Pay, Inc | Case number (*if known*) | 21-20444-LMI |
|---|---|---|---|
| | Name | | |

| 2.02 | **Class 2** | The claims of International Finance Bank two (2) separate claims, Imperial Fund, LLC, MCI Capital, On Deck Capital, Swift FInancial and the four (4) separate claims of Epic West Condominium Association to the extent allowed as a secured claim under § 506 of the Code. |
|---|---|---|
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code, includes the claims of Regions Bank, Wells Fargo, Florida Power and Light, l, l and two (2) separate claims of American Express. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 4** | Equity interests of the Debtor. NONE |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under Â§ 503 of the Code, as follows, SubChapter V Trustee $8,000 and Attorney fee of $12,000 payable upon confirmation from funds held by Attorney, remainder to be paid in 6 months. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. IRS to receive $504.26 payable at plan confirmation. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☐ Unimpaired | Included in Article 3 |
| Class 2 – **Secured claim of** International Bank, IFB Proof of Claims 8 and 9 | ☐ Impaired<br>☑ Unimpaired | Proof of Claim 8: International Finance Bank, Unit 4811, 32 months in a plan that pays $2847.29 monthly, for a total of $91,113.28 and afterwards a balloon payment on the balance. Parties agree to sell for no less than $488,381 up to the POC secured claim amount minus any payments previously made.<br><br>Proof of Claim 9: International Finance Bank, Unit 4801, 32 months in a plan that pays $8,773.23 for a total of $280,743.36 and afterwards a balloon payment on the balance. Parties agree to sell for no less than $968,284.80 up to the POC secured claim amount minus any payments previously made. |

Debtor **Sky Media Pay, Inc**  
Name

Case number (*if known*) **21-20444-LMI**

| | | |
|---|---|---|
| Class 2, Secured claim of Imperial Fund LLC, Proof of Claim 15 | ☑ Impaired<br>☐ Unimpaired | Imperial Fund, LLC, Proof of Claim 15, Debtor sold 200 Biscayne Blvd. Way, Unit 4704, Miami, FL 33131 on May 13, 2022. At closing, Imperial Fund was paid a total of $840,000.00 for full satisfaction of the debt. |
| Class 2, Secured, claim of MCI Capital, Proof of Claim 16 | ☑ Impaired<br>☐ Unimpaired | MCI Capital, 200 Biscayne Blvd Way, Unit 4712, to be surrendered at confirmation. Creditor is granted stay relief upon confirmation. |
| Class 2, Secured claim of Epic West Condominium Association, Claims 11, 12, 13, 14 | ☐ Impaired<br>☑ Unimpaired | Epic West Condominium Association, Proof Of Claim 11, 200 Biscayne Blvd Way, Unit 4704, Miami, FL 33131 was sold May 15, 2020. Creditor was paid $90,398.84 for full satisfaction of the debt.<br><br>Epic West Condominium Association, POC 12, 200 Biscayne Blvd. Way, Unit 4712 to be surrendered at confirmation. Creditor is granted stay relief upon confirmation.<br><br>Epic West Condominium Association, POC 13, Unit 4811, regular monthly payment of $1577.07 plus arrears $4,960.83 monthly for 12 months.<br><br>Epic West Condominium Association, POC 14, Unit 4801, regular monthly payment of $3132.60 plus arrears $9,565.70 monthly for 12 months. |
| Class 2, Secured, claim of On Deck Capital Claim 10 | ☑ Impaired<br>☐ Unimpaired | Reduce claim to $22,487.00 with 4% interest, payable $742.03 over 32 months. |

| Debtor | Sky Media Pay, Inc | Case number (*if known*) | 21-20444-LMI |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| | Class 2, Secured, claim of Swift Financial Claim 4 | ☑ Impaired<br>☐ Unimpaired | Reduce claim to $30,000 payable $937.50 over 32 months. |
| | **Class 3 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Class 3 totals $636,677, the class shall share in a total distribution of $14,529.55 over 32 months. Payments shall be distributed pro rata on a monthly basis, commencing on the first of the month after the Effective Date. The pro rata distribution to the Class 3 Claimholders shall be in full satisfaction, settlement, release and discharge of their respective Allowed Class 3 Claims |
| | Class 4 - **Equity security holders of the Debtor** | | None |

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|
| | | [List assumed, or if applicable assigned, executory contracts and unexpired leases.] |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ____ days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

Debtor **Sky Media Pay, Inc**  
Name

Case number (*if known*) **21-20444-LMI**

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.]

## Article 8: General Provision

**8.01 Definitions and rules of construction**
The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

[Insert additional definitions if necessary].

**8.02 Effective Date**
The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**
If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding Effect:**
The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**
The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**[8.06 Controlling Effect**
Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of __FL__ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**[8.07 Corporate Governance**
[If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.]

**[8.08 Retention of Jurisdiction**
The bankruptcy court's jurisdiction extends after the effective date of the plan.

## Article 9: Discharge

[Include the appropriate provision in the Plan]

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Debtor **Sky Media Pay, Inc**  Case number (*if known*) **21-20444-LMI**
         Name

> The PROPOSED PROVISIONS RELATING TO TRUSTEE APPOINTED UNDER SUBCHAPTER V OF CHAPTER 11 as attached is incorporated into this plan.
>
> Mortgage payments are being adjusted only, all other terms of the underlying loan documents and mortgage, which are not being modified by the Plan, shall remain in full force and effect.
>
> Missed payments on secured debt, including the balloon payments allow secured creditors relief from the automatic stay, with 7 days notice, unless payments are brought current within the notice period.

Respectfully submitted,

**X** **/s/ Paola Angulo**                                    **Paola Angulo**
    [Signature of the Plan Proponent]                          [Printed name]

**X** **/s/ Roshawn Banks**                                   **Roshawn Banks 156965**
    [Signature of the Attorney for the Plan Proponent]         [Printed name]

EXHIBIT A

## Exhibit A : Liquidation Analysis

### Plan Proponent's Estimated Liquidation Value of Assets

**ASSETS**

| | | |
|---|---|---:|
| a. Cash on hand | $ | 108,857 |
| b. Accounts receivable | $ | 1,011 |
| c. Inventory | $ | - |
| d. Office Furniture and Equipment | $ | 2,500 |
| e. Machinery and Equipment | | |
| f. Automobiles | $ | - |
| g. Building, Land  Storage Epic Suite  4801 / 4811 | $ $ $ | 2,000,000 |
| Customer List | | |
| Investment Property (such as Stocks, Bonds, other Financial assets | $ | - |
| Lawsuits or other claims against third parties | | |
| Other Intangibles (such as avoiding powers actions) | $ | - |
| Total Assets at Liquidation Value | $ | 2,112,368 |
| Less   Secured creditors' recoveries | $ | 2,224,319 |
| Less   Chapter 7 trustee fees and expenses | | |
| Less   Chapter 11 administrative expenses | $ | 22,000 |
| Less   Priority claims, excluding administrative expense claims | $ | 504 |
| Less   Debtor's claimed exemptions | | |
| (1) Balance for unsecured claims | $ | - |
| (2) Total dollar amount of unsecured claims | $ | 636,677 |

EXHIBIT B

# SKY MEDIA PAY, INC

## PROJECTIONS - YEAR 2022-2023

| | July* | August | September | October | November | December | January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADVERTISING INCOME | $ 5,761 | $ 6,000 | $ 10,000 | $ 15,000 | $ 15,000 | $ 20,000 | $ 20,000 | $ 25,000 | $ 25,000 | $ 30,000 | $ 30,000 | $ 15,000 |
| **RENTAL UNITS** | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| SUITE 4801 and 4811 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 |
| | | | | | | | | | | | | |
| RENT STORAGES EPIC | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 |
| RENT CAGES EPIC | | | | | | | | | | | | |
| TOTAL INCOME RENT | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 | $ 21,200 |
| ADVERTISING AND RENT INCOME | $ 26,961 | $ 27,200 | $ 31,200 | $ 36,200 | $ 36,200 | $ 41,200 | $ 41,200 | $ 46,200 | $ 46,200 | $ 51,200 | $ 51,200 | $ 36,200 |
| COST ADVERTISING | $ 4,032.70 | $ 4,200 | $ 7,000 | $ 10,500 | $ 10,500 | $ 14,000 | $ 14,000 | $ 17,500 | $ 17,500 | $ 21,000 | $ 21,000 | $ 10,500 |
| NET INCOME | $ 22,928 | $ 23,000 | $ 24,200 | $ 25,700 | $ 25,700 | $ 27,200 | $ 27,200 | $ 28,700 | $ 28,700 | $ 30,200 | $ 30,200 | $ 25,700 |

Suites 4801 and 4811 are listed for sale

Upon confirmation, Debtor should be holding at least $103,000

EXHIBIT C

Case 21-20444-LMI Doc 132 Filed 05/24/22 Page 13 of 15

**PROPOSED PROVISIONS RELATING TO TRUSTEE APPOINTED UNDER SUBCHAPTER V OF CHAPTER 11**

1. <u>CONSENSUAL PLAN</u> - If the plan of the debtor is confirmed under section 1191(a) of the Bankruptcy Code, the service of the trustee appointed under Subchapter V of Chapter 11 (the "Subchapter V Trustee" or "Trustee") in the case shall terminate when the plan has been substantially consummated.  As such, the debtor shall make all payments under the plan, including any deposits required by the plan to be distributed on confirmation.
2. <u>NON-CONSENSUAL OR CRAMDOWN PLAN</u> - If the plan is confirmed under section 1191(b) of the Bankruptcy Code, except as otherwise provided in the plan or in the order confirming the plan, the Subchapter V Trustee shall make payments to creditors under the plan.  As such, the following provisions shall apply to all claims and disbursements made by the Subchapter V Trustee under the plan:
    a. The debtor shall file with the Court as a supplement to the plan and provide notice to all creditors at or before confirmation, a list of all the creditors who will be receiving payments under the plan, the total amount to be paid to each creditor under the plan (inclusive of all allowed interest and fees) and the payment terms and schedule for each creditor under the plan.
    b. The debtor shall timely pay to the Trustee all funds needed to make payments to creditors under the plan.  If the debtor fails to timely make any plan payment to the Trustee, the Trustee may file and serve a notice of delinquency upon the debtor and the debtor's attorney.  The debtor shall have 45 days from the date of the notice of delinquency to make all payments due under the plan, including any payments that become due within the 45−day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 45 days of the date of the notice of delinquency.  If the debtor is not current with plan payments on the 45th day after the date of the notice of delinquency or has not filed a motion to modify within that time period, the Trustee will file and serve a report of non−compliance and may thereafter seek the dismissal or conversion of the case to Chapter 7.
    c. Within two (2) weeks of receiving the funds from the debtor to make the plan payments, the Trustee will disburse the amounts collected from the debtor, to the holders of allowed claims pursuant to the treatment in their respective classes and as indicated below:
        i. All payments under the plan will be made by the Trustee to the holder of each allowed claim at the address of such holder as listed on the Schedules and/or Proof of Claim, unless the Trustee has been notified in writing of a change of address.
        ii. Any payment required to be made under the plan on a day other than a business day shall be made on the next succeeding business day.
        iii. Any distributions of cash or other property under the plan that is unclaimed for a period of six (6) months after such distribution was made shall constitute unclaimed property and any entitlement of any holder of any claim to such distribution shall be extinguished, forever barred, and shall be returned to the Debtor.

    iv. Claimants shall not be permitted to amend or otherwise modify any claim after the later of the claims bar date or the confirmation date without leave of the Bankruptcy Court. Any amendment to a claim filed after the later of the claims bar date or the confirmation date shall be deemed disallowed in full and expunged without any action by the Trustee unless the claimholder has obtained prior Court authorization for the filing of such amendment.  The Trustee shall have no obligation to recognize any transfer of any claim after distributions have started.

    v. Unless expressly provided in the plan or the confirmation order, post-petition interest and fees shall not accrue on or after the Petition Date on account of any claim.

  d. During the pendency of this case, the debtor shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than 30 days after the due date to the underlying taxing authority.

3. <u>COMPENSATION</u> - Under section 330 of the Bankruptcy Code, the case-by-case Subchapter V Trustee shall be compensated for services and reimbursed for expenses.  However, the method of payment of the Subchapter V Trustee compensation depends on the provision under which the plan is confirmed:

  a. The Subchapter V Trustee compensation is estimated to be $ 8,000_____ through confirmation. The Subchapter V Trustee will apply to the Court for an award of compensation through the application process that is used by professionals.  The Subchapter V Trustee will file a final fee application for compensation to be heard with the other final fee applications in the case.

  b. If the plan is confirmed on a consensual basis under section 1191(a) of the Bankruptcy Code, then the Subchapter V Trustee's service ends with substantial consummation of the plan under section 1183(c)(1), and the Subchapter V Trustee may collect approved compensation for all services. The Subchapter V Trustee's allowed compensation, as with any other administrative expenses, is payable on the effective date of the plan, unless the Subchapter V Trustee agrees to a different treatment.

  c. If the plan is confirmed on a non-consensual basis under section 1191(b) of the Bankruptcy Code, then the Subchapter V Trustee will remain in place throughout the life of the plan, and the Subchapter V Trustee may be entitled to additional compensation for services provided after confirmation.  As such, the Subchapter V Trustee may file additional or supplemental fee applications throughout the life of the plan.  Upon approval of the Trustee's fee applications in a non-consensual case, as long as all professional administrative claims are similarly treated in the plan, the debtor shall pay all fee amounts due to the Trustee on the effective date of the plan, over the remaining life of the plan, or forthwith.