

**ORDERED in the Southern District of Florida on June 7, 2022.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                    Case No. 21-20444 LMI

SKY MEDIA PAY, INC,                          Chapter 11, Subchapter V

      Debtor.

_____/

ORDER CONFIRMING THE DEBTOR'S
SUBCHAPTER V PLAN FOR REORGANIZATION

This matter came before the Court on Thursday, May 26, 2022 at 9:30am, to

consider confirmation of the 4th Amended Plan of Reorganization for Small Business

Under Chapter 11 (the "Plan") (ECF. No. 132) filed on May 24, 2022 by the Debtor,

Sky Media Pay, Inc. (the "Debtor").  In connection with the confirmation of the Plan,

the Court has considered the evidence presented as well as the record of this case,

including: (i) the confirmation affidavit of Paola Angulo (ECF No. 133), (ii) the

certificate of proponent of plan (ECF No. 134), (iii) the testimony of Paola Angulo

proffered by counsel for the Debtor, and (iv) admitted exhibits 1-4 as stated in the Exhibit Register (ECF No. 136).   The Court, having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and upon objections to the Plan that were filed and later amended by Creditor Epic West Condominium Association (ECF 141, 142, 143, and 144), and after notice and a hearing, the Court finds and concludes as follows:

### FINDINGS OF FACTS & CONCLUSIONS OF LAW

A.    **Jurisdiction**.   The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    **Venue**.   Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.    **Notice**.   Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 125) (the "Confirmation Hearing Order") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.     **Objections to Confirmation**.   Present at the hearing were Zach Shelomith, attorney for Creditors MCI Capital, LLC and Imperial Fund I, LLC, Dan L. Gold, attorney for the United States Trustee, Subchapter V Trustee Carol Fox and the Debtor in Possession's representative, Paola Angulo.  No parties timely objected to confirmation of the Plan.

E.     **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**.  The Plan adequately and properly identifies and classifies all claims.   Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class.  Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F.     **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the plan.

G.     **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H.     **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder

of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

**I.**      **<u>Implementation of the Plan – 11 U.S.C. § 1123(a)(5)</u>**.    The Confirmation Affidavit for Subchapter V Debtor, paragraph  12(a) provides adequate means for the Plan's implementation.

**J.**      **<u>Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)</u>**.    The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

**K.**      **<u>Information Relating To 11 U.S.C. §§ 1123(b)(4).</u>**  The Plan provides for the sale of substantially of the real property belonging to Debtor

**L.**      **<u>Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)</u>**.    Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

**M.**      **<u>Information Relating To 11 U.S.C. § 1123(D).</u>** The Plan provides for the cure of the default to Creditor Epic West Condominium Association.

**N.**      **<u>Principal Purpose of the Plan – 11 U.S.C. § 1129(d)</u>**.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.    **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P.    **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

Q.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a).  With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1.    **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2.    **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

3.    **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.    **11 U.S.C. § 1129(a)(5)**.  The Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.      **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the Effective Date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;.

6.      **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

7.      **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that;

   i.   With respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2) and 507(a)(3), on the Effective Date of the Plan, the holder of such claim will receive on account of such claim regular installments payments in cash,

   ii.  With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim cash equal of the allowed amount of such claim;

8.      **11 U.S.C. § 1129(a)(10)**.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has

accepted the Plan, determined without including any acceptance of the Plan by any insider.

9.      **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10.      **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

11.      **11 U.S.C. § 1129(a)(16)**.  All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1.      **Confirmation**.  The plan is confirmed under 11 U.S.C. § 1191(a).

2.      **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, and any creditor, whether or not the claim or interest of such creditor, is impaired under the Plan and whether or not such creditor, has accepted the Plan.

3.      **Re-vesting of Property**.  Pursuant to 11 U.S.C. § 1141(b), except as

otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date,

all of the property of the estate vests in the Debtor.   Except as provided in

§§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order,

after confirmation of the Plan, the property dealt with by the Plan is free and clear of

all claims and interests of creditors.

4.      **Post-Confirmation Operation of Business**.   Except as otherwise

provided in the Plan or in this Confirmation Order, on and after the Effective Date,

the Debtor may operate its business and may use, acquire, and dispose of property

free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all

respects as if there were no pending case under any chapter or provisions of the

Bankruptcy Code.   The Debtor is entitled to retain and compensate professionals

without the necessity of further approval of this Court.   Except as set forth in the

Plan concerning objections to claims, the Debtor may also settle or compromise any

claims without Court approval.

5.      **Abandonment of Real Property**.   Effective as of the date of this

Order, the real property located at 200 Biscayne Blvd Way # 4712, Miami, FL 33131

(the "4712 Property") is deemed abandoned, pursuant to 11 U.S.C. § 554.  As such,

effective as of the date of this Order, secured creditors MCI Capital, LLC ("MCI

Capital") and EPIC West Condominium Association, Inc. ("EPIC West") are granted

relief from the automatic stay, to pursue any and all *in rem* remedies with regard to

the 4712 Property, through a completed foreclosure sale of the 4712 Property.

However, MCI Capital and EPIC West are precluded from pursuing the Debtor for any *in personam* liability.

6.    **Injunction and Discharge**.  Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).  To the extent the Plan discharge provisions set forth in Article 9 of the Plan are inconsistent with this Confirmation Order, 11 U.S.C. § 1141(d), or any other provision of the Bankruptcy Code, this Order, §1141(d), and the Bankruptcy Code shall control.

7.    **Disbursing Agent**. Paola Angulo is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

8.    **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9.    **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10.    **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11.    **Service of Confirmation Order**.    Attorney for Debtor, Roshawn Banks is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

12.    **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

13.    **Discharge of the Subchapter V Trustee**.  Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a).  Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.  Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

14.    **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

a.      Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

b.      Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

c.      Adjudicate objections to claims;

d.      Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

e.      Adjudicate modifications of the plan under 11 U.S.C. § 1193;

f.      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #

Submitted by:

Roshawn Banks, Esq, PO Box 25978, Ft. Lauderdale, FL 33320, Rbanks@thealllawcenter.com


Roshawn Banks must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F).